OPINION OF THE COURT
Judith Sheindlin, J.
Upon motion by the presentment agency, it is hereby ordered that the respondent submit to a urethral chlamydia test.
As set forth below the court finds it has authority to issue this order pursuant to Family Court Act § 331.3.
The respondent was arrested and charged with sodomy in the first degree, rape in the first degree, and sexual abuse in the first degree of his four-year-old niece. Following an initial appearance the court directed detention of the respondent.
A probable cause hearing was held following which it was determined: (a) that it was reasonable to believe that the alleged crimes were committed; and (b) that the respondent committed these crimes. Continued detention of the respondent was ordered. At the probable cause hearing, unsworn testimony of the four-year-old complainant and other corroborative evidence indicated that the respondent committed the alleged acts. Medical evidence was presented indicating that a throat culture of the victim tested positive for chlamydia, a venereal disease.
*509 After the probable cause hearing the presentment agency moved the court for an order directing that the respondent submit to a urethral chlamydia test. At a hearing on this motion a medical expert in venereal disease testified that the urethral chlamydia test is safe, medically recognized, reliable, not life threatening, and painless.
In support of its motion, the presentment agency urges that there is a clear indication that critical evidence of the respondent’s alleged crimes will be obtained via a urethral chlamydia test of the respondent, that such evidence might serve to corroborate any unsworn testimony of the four-year-old victim, that the test is medically accepted, reliable, safe, involves no surgical procedure, and that no less intrusive alternate means exists by which to obtain this evidence.
The presentment agency further urges that the authority for the issuance of the order lies in CPL article 690, the search warrant article, and in Matter of Abe A. (56 NY2d 288 [1982]). In that case the Court of Appeals held that a court order to obtain a blood sample of a suspect may issue provided the People establish: (1) probable cause to believe that the suspect has committed the crime; (2) a clear indication that relevant material evidence will be found; and (3) the method used to secure it is safe and reliable. In addition the court must weigh the seriousness of the crime, the importance of the evidence to the investigation and the unavailability of less intrusive means of obtaining it, on the one hand, against the concern for the suspect’s constitutional right to be free from bodily intrusion on the other.
In opposition to the motion, the respondent urges that the court lacks statutory authority to order the test and is precluded by Family Court Act § 303.1 from considering CPL article 690 or judicial interpretations thereof. Even if the court were to consider the statute and case authority cited by the presentment agency, the respondent urges that both the reasonable cause standard of the CPL and constitutional standards are not met in the present case, that the safety and reliability of the chlamydia test are suspect, and that the test is an invasion of the respondent’s constitutional rights.
Finally, the respondent urges that the rationale in Winston v Lee (470 US —, 105 S Ct 1611 [1985]) is applicable to the instant case. In that case the Supreme Court held that surgical intrusion into a suspect’s chest area to recover a bullet fired at him by the victim was unreasonable under the 4th *510 Amendment where the surgery would require the suspect to be put under general anesthesia, the procedure involved medical risks, and there was no compelling need to recover the bullet in light of other available evidence.
In making its decision and order this court need not look to CPL article 690, as urged by the presentment agency, since the court finds that it has statutory authority pursuant to Family Court Act § 331.3 (2) (b) (v) to order a urethral chlamydia test of the respondent. Family Court Act § 331.3 (2) (b) (v) permits the court, on motion of the presentment agency, and subject to constitutional limitation, to order the respondent to provide nontestimonial evidence. Such order may require the respondent, among other things, to permit the taking of samples of blood, hair or other materials from his body in a manner not involving an unreasonable intrusion thereof or a risk of serious injury thereto. The urethral test for chlamydia falls within this section.
The testimony of the medical expert shows that the test is safe, medically recognized, painless, involves no surgical procedure and does not involve an unreasonable intrusion or risk of serious physical injury to the respondent. In light of the above, the court finds that the test involved is no more constitutionally intrusive than the blood test involved in Matter of Abe A. (supra) to which the court looks for constitutional analysis. Moreover, the court finds that Winston v Lee (supra), cited by the respondent, is inapposite since that case involved a surgical procedure under general anesthesia which presented concomitant risks of injury to the muscle, nerves, blood vessels and chest tissue. There is no similar intrusion in this case.
In addition to the foregoing, the court has also considered the following: first, probable cause has been found; and second, clear indication exists that relevant material evidence of the crime of forced oral sodomy may be found if the urethral chlamydia test of the respondent proves positive for chlamydia. Such medical evidence could help to corroborate possible unsworn testimony of the victim. Nor has the respondent brought forward an alternative means of obtaining the sought-after evidence.
Finally, the court has weighed the seriousness of the crime, a designated felony, the importance of the evidence to an ultimate determination, and the unavailability of less intrusive means of obtaining it, on the one hand, against the *511 respondent’s constitutional right to be free from bodily intrusion on the other.
In the circumstances of this case, the court finds that this order falls squarely within the parameters of Family Court Act § 331.3.